IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:03CV298

| | | |
|---|---|---|
| WORD OF FAITH FELLOWSHIP, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| Vs. | ) ) | **O R D E R** |
| RUTHERFORD COUNTY DEPARTMENT OF SOCIAL SERVICES, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on the Plaintiffs' motion to clarify and/or reconsider the Memorandum and Order filed June 10, 2004. Specifically, the Plaintiffs' move the Court to reconsider its disposition of Counts Two, Three, and Five of the complaint. In those counts, Plaintiffs claim, respectively, that Defendants deprived them of their rights to familial relations, violated the Establishment Clause of the First Amendment to the United States Constitution, and subjected them to unreasonable searches and seizures. In the Memorandum and Order, the Court found that Plaintiffs properly stated a claim in all three counts, however, the Defendants had violated no clearly established rights with respect to those counts of the complaint. Therefore, the Court ruled the Defendants in their individual capacities were entitled to qualified immunity, and DSS and all Defendants in their official capacities were protected from liability by the doctrine explained in *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978).

Plaintiffs first argue that the Court's granting qualified immunity to the Defendants individually should not preclude their claims for declaratory and injunctive relief. The Defendants correctly acknowledge this to be an accurate statement of the law. **Defendants' Opposition to Motion to Clarify and/or Reconsider Order, filed July 12, 2004, at 1;** *Timmerman v. Brown,* **528 F.2d 811, 814 (4th Cir. 1975).** Therefore, the Court now clarifies that its Order does not dismiss the claims for injunctive and declaratory relief stated in Counts Two, Three, and Five against the Defendants individually.

Plaintiffs next contend the Court improperly dismissed the federal claims against DSS contained in Counts Two, Three, and Five of the complaint.[1] The Court dismissed those claims after finding that DSS could not have acted with "deliberate indifference" to rights that were not clearly established. **Memorandum and Order, filed June 10, 2004, at 28-29 (citing** *Williamson v. City of Virginia Beach, Va.,* **786 F. Supp. 1238 (E.D. Va. 1992),** *aff'd,* **991 F.2d 793 (4th Cir. 1993);** *Joyce v. Town of Tewksbury, Mass.,* **112 F.3d 19, 23 (1st Cir. 1997).** Plaintiffs argue that a showing of "deliberate indifference" is only required in cases alleging that a municipality has failed to train its personnel, not in cases where a municipality has failed to correct a widespread pattern of unconstitutional conduct. **Plaintiffs' Motion to Clarify and/or Reconsider, filed June 23, 2004, at 3-6.** To support their argument, Plaintiffs cite *Simmons v. Justice,* 87 F.Supp.2d 524, 533 n.11 (W.D.N.C. 2000), in which this Court held that the "deliberate indifference" requirement "applies only to a 'failure to train' allegation."

---

[1] The Court actually dismissed the federal claims stated in those counts against DSS and all Defendants in their official capacities. Plaintiffs' motion only appears to challenge the dismissal of the claims against DSS. However, since the Court concludes that those claims were properly dismissed, it is unnecessary to consider whether the Plaintiffs' arguments regarding DSS would also apply to the other Defendants in their official capacities.

After closely examining precedent from the Fourth Circuit and other appellate courts, this Court holds that a *Monell* plaintiff must show "deliberate indifference" whether he relies on a "failure to train" or a "failure to correct" theory of liability. The Court bases its holding primarily on the Fourth Circuit's ruling in *Spell v. McDaniel,* 824 F.2d 1380 (4th Cir. 1987). There, the court held that, even without inadequate training, when "unconstitutional practices become sufficiently widespread . . . they may assume the quality of 'custom or usage'" which raises the possibility of *Monell* liability. ***Id.,* at 1390.** The Court further held that "[m]unicipal fault for allowing such a developed 'custom or usage' to continue requires (1) actual or constructive knowledge of its existence by responsible policymakers, and (2) their failure, *as a matter of specific intent or deliberate indifference*, thereafter to correct or stop the practices." ***Id.,* at 1391 (emphasis added).** This statement unquestionably includes "deliberate indifference" in the elements Plaintiffs must show in "failure to correct" cases.

The Court also bases its ruling on persuasive precedent from other circuits which seem to require "deliberate indifference" even in "failure to correct" cases. For example, the Ninth Circuit has held that "in order to establish municipal liability for failing to act to preserve constitutional rights," the municipal policy must be one that "'amounts to deliberate indifference' to the plaintiff's constitutional right." ***Van Ort v. Estate of Stanewich,* 92 F.3d 831, 835 (9th Cir. 1996);** *but cf. Mettler v. Whitledge,* **165 F.3d 1197, 1204 (8th Cir. 1999) (stating that "deliberate indifference to *or* tacit authorization of such conduct" would suffice for the purposes of *Monell*) (emphasis added) (use of disjunctive implies that "tacit authorization" would allow for *Monell* liability even without "deliberate indifference")).** The Ninth Circuit has also clearly stated that this standard applies to "negligent supervision and hiring claims" in

addition to negligent training claims.[2] For that proposition, the Ninth Circuit cited a Fifth Circuit case, *Benavides v. County of Wilson,* 955 F.2d 968, 972 (5th Cir.), *cert denied,* 506 U.S. 824 (1992). **Id.**

There could not be a complete discussion of the issue, however, without examining *Carter v. Morris,* 164 F.3d 215 (4th Cir. 1999). There, the Fourth Circuit held that

> [m]unicipal policy [giving rise to *Monell* liability] may be found in written ordinances and regulations, in certain affirmative decisions of individual policymaking officials, or in certain omissions on the part of policymaking officials that manifest deliberate indifference to the rights of citizens. Outside of such formal decisionmaking channels, a municipal custom may arise if a practice is so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law.

**Id., at 218 (internal citations and quotations omitted).** The language quoted above articulates no "deliberate indifference" requirement in cases involving persistent, permanent, and widespread customs. For the proposition that "omissions on the part of policymaking officials that manifest deliberate indifference to the rights of citizens" can bring about *Monell* liability, the Fourth Circuit cited *City of Canton v. Harris,* 489 U.S. 378, 388-89 (1989). In that case, the Supreme Court specifically discussed omissions in the process of training municipal officers, an issue entirely separate from the "failure to correct" situations this Court now examines. Therefore, without the Fourth Circuit's clear holding in *Spell,* this Court would interpret *Carter* to hold that "deliberate indifference" is not necessary in "failure to correct" cases like the one *sub judice*.

---

[2] A negligent supervision claim would appear to be analogous, even if not identical, to the "failure to correct" claim in the case *sub judice.*

The Fourth Circuit provided further language to support this conclusion when it stated that the plaintiff "asserts that the City has remained deliberately indifferent to or has actively condoned a long and widespread history of violations." *Carter, supra,* **at 219.** The Circuit's use of the disjunctive implies that active condonation of unconstitutional practices may lead to *Monell* liability even without "deliberate indifference." However, the language in *Carter* is not as clear as the language in *Spell,* and the Court will, therefore, follow the *Spell* ruling and require a showing of "deliberate indifference." For that reason, the Court will not alter its ruling with regard to DSS's liability for damages.

The Court is sympathetic to Plaintiffs' argument that requiring a *Monell* plaintiff to allege the violation of clearly established rights may have called for a different conclusion in *Monell* itself. If the law has evolved that way, it is, indeed, ironic. However, this Court will apply the law as stated by the Fourth Circuit and will leave it to that court to address such irony should it choose to do so.

Finally, Plaintiffs contend that, even if *Monell* precludes them from seeking damages against DSS for the claims in question, they are not precluded from seeking declaratory and injunctive relief against DSS. The Fourth Circuit does not appear to have addressed the issue directly and has given only brief attention to a similar issue – whether a plaintiff seeking injunctive relief and nominal damages must satisfy the *Monell* requirements. There, the court ruled that such a plaintiff must comply with *Monell*. ***Jordan by Jordan v. Jackson,* 15 F.3d 333, 338 n.2 (4th Cir. 1994).** Other circuits, however, have examined the issue more directly, and most often have taken the position that a plaintiff must comply with *Monell* even if he seeks only declaratory or injunctive relief. ***See, eg., Dirrane v. Brookline Police Dep't,* 315 F.3d 65, 71**

(1st Cir. 2002) (holding that plaintiffs must comply with *Monell* even if they only assert claims for injunctive relief and citing cases from the Seventh and Eleventh Circuits with similar holdings), *but see Chaloux v. Killeen,* 886 F.2d 247, 250-51 (9th Cir. 1989) (holding that plaintiffs seeking only prospective injunctive relief do not have to comply with *Monell*). This Court adopts the view held by the plurality of the circuits that, since Plaintiffs do not satisfy the *Monell* requirements, they are barred from seeking declaratory or injunctive relief against DSS for the federal claims stated in Counts Two, Three, and Five of the complaint.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' motion to clarify and/or reconsider is hereby **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the Court will maintain jurisdiction over the Plaintiffs' federal claims for declaratory and injunctive relief stated in Counts Two, Three, and Five of the complaint against the Defendants in their individual capacities.

**IT IS FURTHER ORDERED** that the Court's ruling dismissing with prejudice the Plaintiffs' federal claims as stated in Counts Two, Three, and Five of the complaint against DSS and the Defendants in their official capacities is hereby **SUSTAINED.**

THIS the 29th day of July, 2004.

LACY H. THORNBURG
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
for the
Western District of North Carolina
July 30, 2004

* * MAILING CERTIFICATE OF CLERK * *

Re: 1:03-cv-00298

True and correct copies of the attached were mailed by the clerk to the following:

    Scott D. MacLatchie, Esq.
    Womble, Carlyle, Sandridge & Rice
    3500 One Wachovia Center
    301 South College St.
    Charlotte, NC  28202-6025

    Christopher J. Klatell, Esq.
    Rabinowitz, Boudin, Standard, Krinsky & Liberman, P.C.
    740 Broadway at Astor Place
    Fifth Floor
    New York, NY  10003-9518

    Roger Bearden, Esq.
    Rabinowitz, Boudin, Standard, Krinsky & Liberman, P.C.
    740 Broadway at Astor Place
    Fifth Floor
    New York, NY  10003-9518

    David B. Goldstein, Esq.
    Rabinowitz, Boudin, Standard, Krinsky & Liberman, P.C.
    740 Broadway at Astor Place
    Fifth Floor
    New York, NY  10003-9518

    Eric M. Lieberman, Esq.
    Rabinowitz, Boudin, Standard, Krinsky & Liberman, P.C.
    740 Broadway at Astor Place
    Fifth Floor
    New York, NY  10003-9518

    John W. Gresham, Esq.
    Ferguson, Stein, Chambers, Adkins, Gresham & Sumter
    741 Kenilworth Ave.
    Suite 300
    Charlotte, NC  28204

cc:
Judge                      (✓)
Magistrate Judge           ( )
U.S. Marshal               ( )
Probation                  ( )
U.S. Attorney              ( )
Atty. for Deft.            ( )
Defendant                  ( )
Warden                     ( )
Bureau of Prisons          ( )
Court Reporter             ( )
Courtroom Deputy           ( )
Orig-Security              ( )
Bankruptcy Clerk's Ofc.    ( )
Other_____      ( )

Date: 7/30/04

Frank G. Johns, Clerk

By: *E. Barton*
    Deputy Clerk