IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:03CV298

WORD OF FAITH FELLOWSHIP, INC., *et al.,*  )
                                                                         )
                **Plaintiffs,**     )
                                   )
            Vs.              )       **O R D E R**
                                 )
RUTHERFORD COUNTY DEPARTMENT )
OF SOCIAL SERVICES, *et al.,*     )
                                 )
             **Defendants.**    )

**THIS MATTER** is before the Court on the Plaintiffs' motion to compel the production of documents, to strike improper designations of confidentiality, and for discovery sanctions.

On November 15, 2004, the undersigned entered a Consent Protective Order which contained the following:

> Notwithstanding any other provision of this Protective Order or any other discovery obligations of any party, and without waiver by any party of its right to seek or to withhold on grounds of privilege any other discovery, *Defendants shall produce* all documents in their possession custody or control, whether or not designated as Confidential Information, concerning: 1) any plaintiffs or any current or former members of Word of Faith Fellowship, Inc., or any of their minor children, including child protective services records . . . *except that nothing in this Protective Order requires Defendants to disclose the name(s) of the reporter(s) of alleged abuse and neglect*, and further that nothing in this Protective Order limits or waives Plaintiffs' right to move the Court to order disclosure of that information[.]

**Consent Protective Order, filed November 15, 2004, at 2-3.** Despite this language, Plaintiffs' counsel takes great offense that the Defendants have actually forced the Plaintiffs to do just that — move for an order compelling disclosure of the names of the reporters of alleged abuse.

While the Defendants raise the issue of state statutes either precluding or severely restricting the disclosure of the names of individuals who report abuse, they also acknowledge that this a matter of federal law. And, they acknowledge that under federal law there is no precise privilege which fits this particular situation. Indeed, the Defendants object to disclosure without Court order as a means of protecting themselves from future litigation.

> The general framework for determining the scope of allowable discovery for cases in federal courts is provided by Federal Rule of Civil Procedure 26, which provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." As an initial matter, therefore, all relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible. Rule 26(c) grants federal judges the discretion to issue protective orders that impose restrictions on the extent and manner of discovery where necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26 thus allows for two approaches to seeking the protection of sensitive – but relevant – information, like that at issue here. A party seeking to protect the confidentiality of such information may argue, . . . that the information is protected by an evidentiary privilege. Any material covered by a properly asserted privilege would necessarily be protected from discovery[.] Where such a privilege is not available, a party may petition the court for a protective order that limits discovery[.]

*Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000) (quoting Fed. R. Civ. P. 26(b)(1), (c)); *accord, In re Sealed Case (Medical Records)*, 381 F.3d 1205 (D.C. Cir. 2004). The Defendants note that no precise privilege applies but argue in favor of extending a privilege to this situation. The Plaintiffs take a somewhat strident approach to the caution exhibited by defense counsel. It bears noting that this is a matter which should have been resolved by the parties. While the Court understands the Defendants' reluctance to agree to disclosure without a court order, the parties should have been able to present a consent motion for a court order along with a protective order. It is not the custom of this Court to become involved in discovery disputes

absent a compelling need to do so. For future reference, this was not such a need. The parties are instructed to make a good faith effort to resolve this issue without further Court intervention.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' motion is hereby **DENIED** without prejudice to renewal.

**IT IS FURTHER ORDERED** that the parties are to make a good faith effort at resolving this issue without further Court intervention.

**THIS** the _18th_ day of April, 2005.

_/s/ Lacy H. Thornburg_
LACY H. THORNBURG
UNITED STATES DISTRICT COURT JUDGE

United States District Court
for the
Western District of North Carolina
April 19, 2005

jhg

* * MAILING CERTIFICATE OF CLERK * *

Re: 1:03-cv-00298

True and correct copies of the attached were mailed by the clerk to the following:

Scott D. MacLatchie, Esq.
Womble, Carlyle, Sandridge & Rice
3500 One Wachovia Center
301 South College St.
Charlotte, NC  28202-6025

Sean F. Perrin, Esq.
Womble, Carlyle, Sandridge & Rice
3500 One Wachovia Center
301 South College St.
Charlotte, NC  28202-6025

Christopher J. Klatell, Esq.
Rabinowitz, Boudin, Standard, Krinsky & Liberman, P.C.
740 Broadway at Astor Place
Fifth Floor
New York, NY  10003-9518

David B. Goldstein, Esq.
Rabinowitz, Boudin, Standard, Krinsky & Liberman, P.C.
740 Broadway at Astor Place
Fifth Floor
New York, NY  10003-9518

Eric M. Lieberman, Esq.
Rabinowitz, Boudin, Standard, Krinsky & Liberman, P.C.
740 Broadway at Astor Place
Fifth Floor
New York, NY  10003-9518

Kenneth M. Donoghue, Esq.
Rabinowitz, Boudin, Standard, Krinsky & Liberman, P.C.
740 Broadway at Astor Place
Fifth Floor
New York, NY  10003-9518

John W. Gresham, Esq.
Ferguson, Stein, Chambers, Adkins, Gresham & Sumter
741 Kenilworth Ave.
Suite 300
Charlotte, NC  28204

cc:
Judge                       (✓)
Magistrate Judge            ( )
U.S. Marshal                ( )
Probation                   ( )
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Court Reporter              ( )
Courtroom Deputy            ( )
Orig-Security               ( )
Bankruptcy Clerk's Ofc.     ( )
Other_____      ( )

Date: April 19, 2005

Frank G. Johns, Clerk

By: _____
      Deputy Clerk