UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:03 CV 298

FILED
ASHEVILLE, N. C.

MAY 20 2005

U.S. DISTRICT COURT
W. DIST. OF N. C.

| | |
|---|---|
| WORD OF FAITH FELLOWSHIP, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| RUTHERFORD COUNTY DEPARTMENT OF SOCIAL SERVICES, et al., | ) ) ) ) |
| Defendants. | ) ) |

**CONSENT PROTECTIVE ORDER: PERSONNEL RECORDS
[N.C.G.S. § 153A-98(c)(4)]**

Documents and information have been and will be sought, produced or exhibited by and among the parties to the above captioned proceeding, which documents and information relate to employee personnel matters that may be disclosed only under court order, pursuant to N.C. Gen. Stat. § 153A-98(c)(4). The parties have sought such an order so as to be in compliance with the statute.

By consent, IT IS HEREBY ORDERED THAT:

1. Personnel information is information which concerns or relates to an individual's application, selection or nonselection, promotions, demotions, transfers, leave, salary, suspension, performance evaluations and forms (including observations), disciplinary actions and termination of employment wherever located and in whatever form. This information may be located in, but not limited to, the following documents or materials: (a) personnel files, (b) evaluations, (c) and any other similar documents.

2. Defendants will provide the personnel files of Lynn Hoppes ("Hoppes") and Melanie Hunt ("Hunt") to the Plaintiffs, with information identifying Hoppes' and Hunt's social security numbers, home addresses, and banking accounts redacted. Any such personnel information obtained

in this action which is asserted by the Rutherford County Department of Social Services ("DSS") to contain or constitute confidential personnel information, shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or a comparable notice.

3. In the absence of written permission from the Rutherford County Department of Social Services or an order by the Court, any confidential personnel information obtained in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) the Court and the employees thereof, (ii) court reporters and stenographers engaged for the taking of testimony, (iii) counsel to this action, including necessary secretarial, paralegal and clerical personnel assisting such counsel, and Plaintiffs' representatives Karel Reynolds and Jayne Caulder; (iv) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; (v) witnesses who may see their own personnel records. Any confidential personnel information shall be used solely for the purpose of this original action and in preparation for trial. Nothing in this Order is intended to interfere with an individual employee's right to examine his own personnel file and the right of the Rutherford County Department of Social Services or their designated representatives from examining personnel information to the extent permitted by law.

4. Personnel information obtained in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3 (iv) unless he or she shall have first read this Order and shall have agreed (i) to be bound by the terms thereof, (ii) not to reveal such confidential personnel information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential personnel information solely for purposes of this litigation.

5. If the Court orders, or if the Rutherford County Department of Social Services agrees, that access to, or dissemination of, information obtained as confidential personnel information shall be made to persons not included in paragraph 3 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

6. Any confidential personnel information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal and marked in accordance with paragraph 2 above. Any portion of a transcript in connection with this action containing any confidential, personnel information submitted pursuant to paragraph 2 shall be bound separately and filed under seal. When any confidential personnel information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."

7. If confidential personnel information obtained in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to the attention of the Court, opposing counsel and the Rutherford County Department of Social Services, and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

8. Upon final adjudication of this action, the disposition of all confidential personnel information subject to the provisions of this Order (including any copies made and/or computer materials made or stored) shall be subject to a final order of the Court.

SO STIPULATED:

DATED: May 16 2005

John W. Gresham
Counsel for Plaintiff

DATED: May 16, 2005

David B. Goldstein
Counsel for Plaintiff

DATED: May 12, 2005

Sean F. Perrin
Counsel for Defendants

APPROVED AND SO ORDERED:

DATED: 5-19-05

United States District Judge