UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, N. C.

MAY 20 2005

U.S. DISTRICT COURT
W. DIST. OF N. C.

---------------------------------------x
WORD OF FAITH FELLOWSHIP, INC.;
STEPHEN A. D. AND CYNTHIA CORDES,
RICKY AND SUZANNE COOPER, JENNIFER
MOORE, KIM WAITES, DAVID AND JAYNE
CAULDER, VIRGINIA ANNE CABLE, DENISE
WORLEY, PATRICIA DOLAN, JASON AND
TANJA GROSS, MARCIA WHITBECK,
GILBERTO CARMONA, JAY AND SUSAN
PLUMMER, all individually and on behalf of their
minor children; CODY HAWKINS AND
JOVEILLE CLARK,

    Plaintiffs,

        - against -

Civil Action No. 1:03CV198-LHT

**CONSENT PROTECTIVE ORDER**

RUTHERFORD COUNTY DEPARTMENT OF
SOCIAL SERVICES; RUTHERFORD COUNTRY
BOARD OF SOCIAL SERVICES; STEVE
WRIGHT, in his official capacity as Chairman of the
Rutherford County Board of Social Services; JOHN
CARROLL, individually, and in his capacity as
Director of the Rutherford County Department of
Social Services; LYNN HOPPES, individually and
in her capacity as Rutherford County Department of
Social Services Child Protective Services
Supervisor; and MELANIE TAYLOR HUNT,
individually and in her capacity as Rutherford
County Department of Social Services Caseworker,

    Defendants.
---------------------------------------x

WHEREAS plaintiffs in the above-captioned filed a motion on January 28, 2005 to compel the production of documents that defendants had withheld on the ground that such documents could reveal the identities of reporters of allegations of abuse or neglect made to defendant Rutherford County Department of Social Services ("RCDSS"); and

WHEREAS, the Court issued an order on April 19, 2005 instructing the parties "to make a good faith effort to resolve this issue without further Court intervention" and that "the parties should have been able to present a consent motion for a court order along with a protective order";

THEREFORE, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon agreement by all the parties, as evidenced by the signatures of their respective counsel, it is hereby STIPULATED AND AGREED and it is SO ORDERED BY THE COURT that:

1. Defendants shall produce forthwith, and without any redactions (except for RCDSS caseworkers' social security numbers), all documents previously withheld or redacted on the ground that such documents or redacted portions thereof would or could disclose the identities of reporters of abuse or neglect made to RCDSS. To the extent that defendants locate, or have located, additional documents responsive to plaintiffs' document requests, those documents shall be produced to plaintiffs forthwith, without any withholding or redaction of such documents on the ground that such documents or redacted portions thereof would or could disclose the identities of reporters of abuse or neglect made to RCDSS.

2. Defendants shall not instruct, advise or request witnesses, whether at deposition, hearing or trial in this matter, to refuse to disclose or to provide information on the ground that such testimony would or could disclose the identities of reporters of abuse or neglect made to RCDSS. Defendants, including employees and agents of RCDSS, shall not refuse to disclose or

to provide any responsive information requested in discovery on the ground that such information would or could disclose the identities of reporters of abuse or neglect made to RCDSS.

3. Any document, or portion thereof, any type of evidence or information and any form of discovery contemplated under Rules 26 through 36, and 45 of the Federal Rules of Civil Procedure which, in the good-faith opinion of defendants would or could disclose the identities of reporters of abuse or neglect made to RCDSS, may be designated as "Highly Confidential Information" by defendants.

4. All terms and provisions of the Consent Protective Order, previously entered in this action on November 12, 2004, (hereafter "November 2004 Protective Order") apply to the documents and other information covered by this Consent Protective Order (hereafter "May 2005 Protective Order"), and are expressly incorporated herein by reference, except as stated in the following paragraphs.

5. The portion of paragraph 2 of the November 2004 Protective Order commencing with "except that nothing ...", and continuing to the end of that paragraph, is of no force and effect as the matter at issue therein is resolved by the May 2005 Protective Order.

6. Documents or other information that defendants consider to be subject to the terms of the May 2005 Protective Order shall be designated as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL UNDER MAY 2005 PROTECTIVE ORDER" in place of "CONFIDENTIAL UNDER PROTECTIVE ORDER" as set forth in the November 2004 Protective Order. Documents or other information so identified shall be subject to the terms of the May 2005 Protective Order.

7. Access to information designated by defendants as "HIGHLY CONFIDENTIAL" or "HIGLY CONFIDENTIAL UNDER MAY 2005 PROTECTIVE ORDER" may be had in the same manner, under the same terms and conditions, and by the same persons as identified in paragraphs 5-8 of the November 2004 Protective Order, except that paragraph 7 of the November Protective Order is modified to limit access to Karel Reynolds and Jane Caulder as designated representatives of the plaintiffs, and the "Attachment A" that is required to be sent to certain designated recipients of Highly Confidential Information shall be in the form annexed hereto as Attachment A.

Dated: May 10, 2005

David B. Goldstein (*admitted pro hac vice*)
RABINOWITZ, BOUDIN, STANDARD,
KRINSKY & LIEBERMAN, P.C.
740 Broadway, 5th Floor
New York, NY 10003
(212) 254-1111

Dated: May 10, 2005

John W. Gresham (N.C. Bar No. 6647)
FERGUSON, STEIN, CHAMBERS, ADKINS,
GRESHAM & SUMTER, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, North Carolina 28204-2828
(704) 375-8461

Dated: May 11, 2005

Scott D. MacLatchie (N.C. Bar No. 22824)
WOMBLE, CARLYLE, SANDRIDGE &
RICE, PLLC
One Wachovia Center
301 South College Street, Suite 3500
Charlotte, NC 28202-6025
(704) 331-4942

SO ORDERED:

Dated: 5-19-, 2005

HONORABLE LACY H. THORNBURG
UNITED STATES DISTRICT COURT JUDGE

4

# ATTACHMENT A

I, _____, have read and reviewed the Protective Orders entered in *Word of Faith Fellowship, et al. v. Rutherford County Department of Social Services, et al.*, No. 1:03CV198-LHT (W.D.N.C), and undertake to be personally bound by their terms. I understand that I will be liable for any disclosures of Confidential Information or Highly Confidential Information in violation of the Protective Orders.

Dated: _____